## SOUTHWESTERN OIL COMPANY v. STATE OF TEXAS.

Decided June 26, 1907.

**1.—"Kennedy Bill."**
    Under the provisions of the Act known as the "Kennedy" bill, it was proper for the trial court to include the value of refined products of crude oil which the defendant company had on hand undisposed of during the periods for which the tax was to be ascertained, for the purpose of arriving at the total amount upon which the occupation tax was to be estimated. (P. 649.)

Error to the Court of Civil Appeals for the Third District, on appeal from Travis County.

*Carlton & Proctor, Greers & Nall, Greer, Minor & Miller,* and *Henry C. Coke,* for plaintiff in error.—A manufacturer is not a dealer, either within the meaning of section 9 of the Act, or according to the ordinary acceptance of the term, as applied to trade and commercial transactions, and business affairs. By both, a dealer is one who buys

to sell again at a profit the sale of the article being in the same form in which the dealer purchased; and the dealer is not one who manufactures to sell or buys to manufacture, or buys to keep. Egan v. State, 68 S. W. Rep., 273; Norris v. Commonwealth, 27 Pa. St., 495; Commonwealth v. Campbell, 33 Pa. St., 380; Taylor v. Vincent, 12 Lea, 282 (Tenn.), 48 Amer. Rep., 340; Overall v. Bezean, 37 Mich., 506; Sanders v. Russell, 78 Tenn. (10 Lea), 293, 297; State v. Barnes, 35 S. E., 605, 606, 126 N. C., 1063; Vernon v. Manhattan Co. (N. Y.), 17 Wend., 524, 526; State v. Yearby, 82 N. C., 561, 33 Am. Rep., 694; State v. Chadbourn, 80 N. C., 510, 30 Am. Rep., 94; 8 Am. & Eng. Enc. of Law, 846 (2d ed.); 1 Bouvier's Law Dict., 507.

An occupation can not be split up into parts, and each part or segment taxed as a separate occupation. If taxable at all, it must be taxed in its entirety, and if exempt from a tax, it is exempt as a whole, and, therefore, in each and every part. To apply, if a manufacturer, as such, is exempt, the necessary parts of his business, to wit, (1) buying the raw material for manufacture, and (2) selling the manufactured product, must also be exempt. Commonwealth v. Fowler, 28 S. W. Rep., 787; People v. Voorhis, 131 Mich., 398, 91 N. W. Rep., 626.

The provisions of statutes levying taxes will not be extended by implication beyond the clear import of the language used, or enlarged in their operation, so as to embrace matters not specifically pointed out. Such statutes are construed most strongly against the government, and in favor of the citizen, "because burdens are not to be imposed, nor presumed to be imposed beyond what the statutes expressly and clearly import." United States v. Wigglesworth, 2 Story, 273; State v. Pullman (Wis.), 23 N. W. Rep., 872; State v. M'Fetridge (Wis.), 24 N. W. Rep., 144; Mace v. Buchanan (Tenn.), 52 S. W. Rep., 507; State v. Green, N. C., 35 S. E. Rep., 463; Brown v. Commonwealth (Va.), 36 S. E. Rep., 487; Cooley on Taxation, p. 267.

The caption of the Act only purports to tax "wholesale dealers" in refined oils, etc. Any effort to tax manufacturers as such; that is, when not acting as dealers, or to tax the property in their hands which they have manufactured, is beyond the caption, and therefore invalid, and so much of section 9 of the Act as purports to lay a tax on "the cash value of any of said articles that may be received, possessed or handled, or disposed of in any other manner, than by sale," is invalid as being beyond the caption of the Act. Art. 3, sec. 35, Const.; Adams & Wicks v. Water Works Co., 86 Texas, 487; Giddings v. San Antonio, 47 Texas, 548; Cooley on Constitutional Limitations, p. 172.

Section 9 unconstitutional as imposing a tax not being uniform and equal. We cite the following authorities as supporting the proposition indicated above: State Constitution, art. 8, sec. 2; Pullman Palace Car Co. v. State, 64 Texas, 274; Hoefling & Son v. City of San Antonio, 85 Texas, 228; Patrol v. State, 53 S. W. Rep., 869; Ex parte Jones, 43 S. W. Rep., 513; Ex parte Overstreet, 46 S. W. Rep., 825; Gulf, C. & S. F. Ry. Co. v. Ellis, 165 U. S., 165; Cotting v. Godard, 183 U. S., 102; Commonwealth v. Clark, 195 Pa. St., 634, 57 L. R. A., 348; Standard Oil Co. v. Spaulding (S. C.), 44 S. E. Rep., 377; Ayars' Appeal, 122 Pa. St., 277; Lloyd v. Smith, 176 Pa. St., 218; State v.

Loomis, 115 Mo., 307; Stratton v. Morris, 89 Tenn., 497; State v. Hann, 61 Kans., 146; North & South Ala. R. R. Co. v. Morris, 65 Ala., 193; Railroad Co. v. Moss, 60 Miss., 641; Lafferty v. Railroad Co., 71 Mich., 35.

This Act singles out wholesale dealers in oil and certain products refined from petroleum from among all other wholesale dealers in other articles, as sugar, bacons, coal and iron, and imposes a tax many fold greater than on any other class of wholesale dealers, and also unusual penalties and forfeitures without any reasonable grounds for such distinction. Such classification is capricious and arbitrary, in that it does not apply to persons engaged in like business, as dealers in coal, etc., and therefore denies the wholesale dealers in oil, etc., the equal protection of the law. Pullman Palace Car Co. v. State, 64 Texas, 274; Hoefling & Son v. City of San Antonio, 85 Texas, 228; State v. Compress Co., 95 Texas, 611; Cotting v. Kansas City Stock Yards Co., 183 U. S., 79; Gulf, C. & S. F. Ry. Co. v. Ellis, 165 U. S., 150; Fraser v. McConway & Forley Co., 82 F. R., 257.

Statutes must be construed to speak and operate prospectively, unless the contrary construction is evidently required by their plain and unequivocal language. Therefore, this Act in question, which passed the Legislature finally on April 13, 1905, and was approved on April 17, 1905, must be construed to refer to April 1, 1906, where it requires reports to be made and taxes paid "on the first day of April and quarterly thereafter." Galveston, H. & S. A. Ry. Co. v. State, 81 Texas, 572; Life Ins. Co. v. Ray, 50 Texas, 511; Dodge v. Nevada Natl. Bank, 109 Fed. Rep., 726; Wild v. Boston, 171 Mass., 254, 50 N. E. Rep., 533; Cooley's Const. Lim., 62; Sedg. St. & Const. Law, 172; Black Interp. Law, 20.

*Robert Vance Davidson,* Attorney-General, and *Claude Pollard,* Assistant Attorney-General, for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—This writ of error is prosecuted from a judgment of the District Court affirmed by the Court of Civil Appeals for money recovered by the State, as plaintiff, against plaintiff in error, as defendant, for taxes under the Act of the Twenty-ninth Legislature, approved April 17, 1905, known as the "Kennedy" bill. All of the questions raised by plaintiff in error, save one, have been decided against it in the opinion just delivered in the case of the Texas Company against J. W. Stephens, et al. The further question arises out of the fact that the company, in its report to the Comptroller, showed that it had on hand, during the periods for which the tax was to be ascertained, refined products of crude oil of stated values which it had not sold or otherwise disposed of. The reasoning of the opinion just referred to leads necessarily to the conclusion that the value of such products was properly included in arriving at the total amount upon which the tax was to be estimated. There is no difficulty in seeing that the articles thus held for sale in the wholesale business are within the language of the statute. The judgment must therefore be affirmed.

*Affirmed.*